UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ELAINE L. CHAO, Secretary of Labor,   MEMORANDUM AND ORDER
United States Department of Labor,   CV 04-2407

                Plaintiff,   (Wexler, J.)

   -against-

XANADU BOUTIQUE, INC., et al.,

                Defendants.
------------------------------------------------------x

APPEARANCES:

   HOWARD M. RADZELY, SOLICITOR OF LABOR
   PATRICIA M. RODENHAUSEN, REGIONAL SOLICITOR
   BY: HAROLD W. LEMAR, ESQ.
   Attorneys for Plaintiff
   201 Varick Street, Room 983
   New York, New York 10014

   LAW OFFICES OF EDWARD F. SIEGEL
   BY: EDWARD F. SIEGEL, ESQ.
   Attorneys for Defendants
   5910 Landerbrook Drive
   Cleveland, Ohio  44122

WEXLER, District Judge

     Plaintiff Elaine L. Chao, Secretary of the United States Department of Labor, brings this action against defendants Xanadu Boutique, Inc., VGR Systems Corporation, Cupid's Video Boutique of Long Island, Inc., and Freddrick F. Aponte under § 11(c) of the Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. § 651 et seq. Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff opposes the motion.

I. BACKGROUND

Plaintiff alleges that complainant Joanna Murphy ("Murphy") held two jobs with defendants until December 2002. According to plaintiff, Murphy was fired from one of her jobs on or about December 10, 2002, and from her other job on or about December 15, 2002. Murphy filed a complaint with plaintiff on or about January 24, 2003, more than 30 days after termination from her second job, alleging she was fired from her jobs in violation of OSHA. After investigating Murphy's complaint, plaintiff determined that defendants violated OSHA. Plaintiff then commenced this action.

Defendants move to dismiss the action, arguing that Murphy failed to comply with the 30-day filing requirement of § 11(c)(2) of OSHA.

II. DISCUSSION

Section 11(c)(2) of OSHA provides that "[a]ny employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination." 29 U.S.C. § 660(c)(2). Defendants argue that the timely filing of a complaint with plaintiff is a jurisdictional prerequisite. According to defendants, this Court lacks subject matter jurisdiction because Murphy filed her complaint more than 30 days after the alleged violation.

Plaintiff argues that the time requirement in § 11(c)(2) is akin to a statute of limitations subject to equitable tolling, and is not a jurisdictional prerequisite. In her

opposing memorandum of law, plaintiff argues that Murphy's complaint was timely filed because defendants misled Murphy as to the date of her termination, purportedly raising circumstances justifying application of equitable tolling.

Although the Second Circuit has not decided this issue, the Tenth Circuit in Donovan v. Hahner, Foreman & Harness, Inc., 736 F.2d 1421, 1424 (10th Cir. 1984), held that the 30-day requirement of § 11(c)(2) is akin to a statute of limitations subject to equitable tolling, and is not a jurisdictional prerequisite. In analyzing § 11(c)(2), the Tenth Circuit relied on the Supreme Court's decision in Zipes v. Trans World Airlines, Inc., 102 S.Ct. 1127 (1982), which held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." As the Tenth Circuit reasoned:

> The Court in Zipes reasoned that by holding the time limit at issue was a statute of limitations subject to tolling, the Court could "honor the remedial purpose of the legislation as a whole without negating the particular purpose of the filing requirement, to give prompt notice to the employer." Zipes, [102 S.Ct.] at 1135. Such reasoning is equally applicable here. [OSHA], like Title VII, is remedial in nature; the process for filing complaints under [OSHA] is initiated by lay persons and thus it is subject to a liberal construction.
>
> Thus, based on the purpose of [OSHA], it appears to us that the time limit contained in [§ 11(c)(2)] must be construed as a statute of limitations subject to equitable tolling. If we were to hold that the 30-day period barred the proceeding, and such would have to be the holding if we were to conclude that it occupied a jurisdictional prerequisite, the intent of the Act would not be served. If, on the other hand, the Act is

> construed as a statute of limitations subject to equitable tolling, the opposite result emerges.

Hahner, 736 F.2d at 1424 (citation omitted). Moreover, as the court in Hahner observed, the Secretary has promulgated regulations regarding the 30-day limit, providing, inter alia, for tolling on "recognized equitable principles or because of strongly extenuating circumstances, e.g., where the employer has concealed, or misled the employee regarding the grounds for discharge or other adverse action." 29 C.F.R. § 1977.15(d)(3). As the reasonableness of this provision seems clear, the Secretary's interpretation of OSHA deserves great weight. See Hahner, 736 at 1425; see also Donovan v. Peter Zimmer Am., Inc., 557 F. Supp. 642, 650 (D.S.C. 1982) (holding that "29 C.F.R. § 1977.15(d) is a valid and enforceable interpretative regulation.... The reasonableness of providing equitable tolling in situations such as here is clear beyond peradventure, particularly with such a short (30 days) filing requirement"). This Court agrees with the Tenth Circuit's reasoning in Hahner, and similarly holds that the 30-day requirement of § 11(c)(2) is akin to a statute of limitations subject to equitable tolling.

Although this Court agrees that equitable tolling may apply to the 30-day filing requirement of § 11(c)(2), plaintiff fails to plead in the complaint circumstances that justify equitable tolling, despite plaintiff's attempt to raise certain factual allegations for the first time in its memorandum of law. Accordingly, defendants' motion to dismiss is granted without prejudice to plaintiff's right to file an amended complaint setting forth allegations satisfying equitable tolling.

## III.  CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted without prejudice to plaintiff's right to file an amended complaint within 30 days of the date of this order.

SO ORDERED.

```
                                        _____
                                        LEONARD D. WEXLER
                                        UNITED STATES DISTRICT JUDGE
```

Dated:  Central Islip, New York
        July 11, 2005